IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | C.A.No. 1:24-CR-12 |
| | ) | |
| JAMES MICHAEL HENDRICKS, | ) | RE: Competency |
| Defendant. | ) | |

## OPINION AND ORDER

Pending before the Court is the issue of Defendant James Michael Hendricks' competency to stand trial. Mr. Hendricks is charged with Receipt of Material Depicting the Sexual Exploitation of Minors, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and Possession of and Access with Intent to View Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). For the reasons that follow, the Court finds that Mr. Hendricks is competent to proceed.

## I. Procedural History

The issue of competency was first raised by defense counsel, who reported concerns regarding Mr. Hendricks' mental health during his pretrial detention at Erie County Prison. Observations from the facility suggested that his mental condition had deteriorated.

On November 14, 2025, Chief United States Magistrate Judge Richard A. Lanzillo found reasonable cause to believe that Mr. Hendricks might be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (ECF No. 58). Judge Lanzillo based this finding on reports from Pretrial Services, information from the detention facility, and his own

1

observations during prior proceedings. He therefore ordered a medical evaluation pursuant to 18 U.S.C. § 4241.

By Order dated December 3, 2025, Judge Lanzillo appointed Dr. Ingrid Renberg to examine Mr. Hendricks and prepare a psychiatric report in accordance with 18 U.S.C. § 4247(b) and (c). (ECF No. 69). The Order directed Dr. Renberg to determine whether Mr. Hendricks was presently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings or to assist properly in his defense. Dr. Renberg conducted her examination at Erie County Prison, and her written report was provided to the Court and counsel in mid-December 2025.

By Order dated January 15, 2026, the undersigned scheduled a competency hearing for January 30, 2026. (ECF No. 76). At defense counsel's request, the hearing was continued to March 2, 2026. (ECF No. 78). The competency hearing was held on March 2, 2026, with Mr. Hendricks present and represented by counsel.

## II. Hearing Requirements

The hearing was conducted in accordance with 18 U.S.C. § 4241(c) and (d), which provide that the defendant shall be represented by counsel and afforded the opportunity to testify, present evidence, subpoena witnesses, and confront and cross-examine witnesses.

Dr. Renberg was present and available to testify. However, both the Government and defense counsel agreed that her written report was sufficient and that direct and cross-examination were unnecessary. The Government did not object to the Court's consideration of the report without live testimony.

### III. Legal Standard

Once competency is placed at issue, the Government bears the burden of proving by a preponderance of the evidence that the defendant is competent to stand trial. *See United States v. Velasquez*, 885 F.2d 1076, 1089 (3d Cir. 1989).

In evaluating competency, a district court considers several factors, including evidence of irrational behavior, the defendant's demeanor, prior medical opinions regarding competence, and counsel's representations concerning the defendant's ability to proceed. *United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003). An attorney's assessment of his or her client's competency is a relevant consideration. *See United States v. Renfroe*, 825 F.2d 763, 767 (3d Cir. 1987).

The ultimate inquiry is whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable (1) to understand the nature and consequences of the proceedings against him, or (2) to assist properly in his defense. 18 U.S.C. § 4241(a).

### IV. Findings and Analysis

Dr. Renberg personally examined Mr. Hendricks and reviewed relevant medical and institutional records. In her written report, she concluded that Mr. Hendricks is competent to stand trial. Specifically, she determined that he possesses a rational and factual understanding of the proceedings and is capable of assisting counsel in his defense.

At the competency hearing, both the Government and defense counsel represented that they agreed with Dr. Renberg's conclusions. Defense counsel noted that the issues with Mr. Hendricks' behavior previously were due to improper use of or failure to take required

medication and requested that the Court adopt Dr. Renberg's findings. The Government stated that there was no basis to conclude that Mr. Hendricks is presently incompetent and did not object to the Court's reliance on the written report without testimony.

The Court has independently reviewed Dr. Renberg's report, considered the parties' representations, and evaluated the relevant factors identified in Jones. The Court also considers defense counsel's assessment of Mr. Hendricks' ability to proceed, which supports a finding of competency. Based on the totality of the evidence, the Court finds that the Government has established by a preponderance of the evidence that Mr. Hendricks is competent to stand trial. The record does not demonstrate that he is presently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of these proceedings or to assist properly in his defense.

AND NOW, this 4th day of March, 2026, upon consideration of the psychiatric evaluation, the record, and the arguments and representations of counsel, it is hereby ORDERED that Defendant James Michael Hendricks is FOUND COMPETENT to stand trial pursuant to 18 U.S.C. § 4241.

IT IS SO ORDERED.

Susan Paradise Baxter
U.S. District Judge